Bethel, Judge, dissenting.
"The touchstone of the Fourth Amendment is reasonableness. Reasonableness, in turn, is measured in objective terms by examining the totality of the circumstances." Ohio v. Robinette , 519 U.S. 33, 39, 117 S.Ct. 417, 136 L.Ed.2d 347 (1996) (cleaned up). An officer responding to a call that trespassers are throwing a party acts reasonably when he takes an unobstructed path available to partygoers and follows his senses to the party. See, e.g. , Alvarez v. Montgomery Cty. , 147 F.3d 354, 358-359 (II) (B) (4th Cir. 1998) (officers who walked into back yard at a house party after seeing sign saying "Party in Back" with arrow pointing to back yard acted reasonably). Accordingly, I must respectfully dissent.
The officers in the instant case were dispatched to a residence in response to a complaint of a party being held at a home where *822 the homeowners were believed to be out of town. Upon arrival, the officers immediately gathered information that was consistent with the presence of a significant party being held in the back yard of the residence. The officers "followed the noise" of the party until the party was visible. They encountered no fence or other obstruction and, indeed, used a path that others had used to access the back yard.[1] This is reasonable.
While the majority and case law show a preference for officers making an initial approach to the front door of a residence, there is no bright-line test or per se rule requiring such an action.[2] Indeed, construing the evidence in a manner most favorable to the trial court's findings and judgment,[3] it appears a trip to the front door would have been a wasted act as the homeowners were indeed not home and the partygoers were in the rear of the house.[4]

As the majority notes, the trial court found that the officers took a route that any other partygoer would have taken. Because that finding is supported by some evidence and is not clearly erroneous, it is entitled to our deference. Cupe v. State , 327 Ga. App. 642, 644-647 (1), 760 S.E.2d 647 (2014). See also State v. Criswell , 327 Ga. App. 377, 380, 759 S.E.2d 255 (2014) ("any visitor, including a police officer, may enter the curtilage of a house when that visitor takes the same route as would any guest ....").

Robinette , 519 U.S. at 39, 117 S.Ct. 417 (in examining the totality of the circumstances to determine reasonableness, "we have consistently eschewed bright-line rules, instead emphasizing the fact-specific nature of the reasonableness inquiry").

Cupe , 327 Ga. App. at 645, 760 S.E.2d 647.

I see no Constitutional or logical reason to require officers to conduct futile business in the front, when the party is clearly in the back.